# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 18-4741

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

KENNETH ASHE,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City. Martin K. Reidinger, District Judge. (2:12-cr-00033-MR-DLH-2)

Submitted: April 18, 2019                  Decided: April 22, 2019

Before WILKINSON, MOTZ, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Richard L. Brown, Jr., LAW OFFICES OF RICHARD L. BROWN, JR., Monroe, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Ashe appeals the district court's judgment revoking his supervised release, sentencing Ashe to 10 months in prison, and imposing on Ashe an additional 48-month term of supervised release. Ashe's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which he avers that there are no meritorious issues for appeal but suggests that we review the reasonableness of Ashe's sentence. Ashe has filed a pro se supplemental brief and several amendments thereto. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). We "will affirm a revocation sentence if it is within the statutory maximum and is not 'plainly unreasonable.'" *Id*. (quoting *United States v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006)). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). A sentence is substantively reasonable if the district court states a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. *Crudup*, 461 F.3d at 440. A sentence within the applicable policy statement range under Chapter 7 of the Sentencing Guidelines is presumed reasonable. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015). Applying these standards, we readily conclude that Ashe's within-range, 10-month sentence is neither procedurally nor substantively unreasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal.[*] We therefore affirm the district court's judgment. This court requires that counsel inform Ashe, in writing, of the right to petition the Supreme Court of the United States for further review. If Ashe requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ashe. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] We have considered the issues Ashe raised in his pro se supplemental briefs and find them without merit.